982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cyriacus Chigozie OHAYA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9527.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1992.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Ohaya appeals the Board of Immigration Appeals decision denying his request for suspension of deportation. We affirm.
 
 
 3
 Mr. Ohaya, an alien, came to this country as a student in 1982 and failed to depart upon completion of his studies in 1988 when he obtained his civil engineering degree. Mr. Ohaya works in a hotel as a kitchen cleaner and dishwasher. He has not married, and his parents and eight siblings live in Nigeria. Mr. Ohaya has been extremely active as a Jehovah's Witness. Mr. Ohaya is now twenty-nine years of age.
 
 
 4
 Mr. Ohaya concedes his deportability. He contends his deportation should be suspended as: (1) he has an obligation to support his parents and he doubts he can find work in Nigeria; (2) he has a back problem that requires chiropractic treatment which he does not know if he can obtain in Nigeria; (3) he is a dedicated minister who will be missed by his congregation; and (4) separation from the service of his religion will cause him hardship.
 
 
 5
 The applicable law is not complex. Under 8 U.S.C. § 1254(a)(1) the Attorney General may "in his discretion" suspend deportation and grant lawful permanent residence to an alien who meets certain statutory requirements which include the fact that the alien would suffer "extreme hardship" if he were deported.
 
 
 6
 Both the Immigration Judge and the Board of Immigration Appeals found that the facts presented by Mr. Ohaya, which have been described above, do not constitute "extreme hardship."
 
 
 7
 Mr. Ohaya appeals, arguing his return to Nigeria will cause him extreme emotional and mental distress and asserts neither the Immigration Judge nor the Board of Appeals adequately considered the cumulative impact of the existing facts.
 
 
 8
 Whether or not the alien has met the "extreme hardship" requirement is reviewed under the abuse of discretion standard. INS v. Wang, 450 U.S. 139, 144-45 (1981).
 
 
 9
 Clearly, the Board considered all the relevant facts and factors offered by Mr. Ohaya. Mr. Ohaya has shown no hardship, and instead has shown only that Nigeria's economy may not afford him the benefits of our economy. Leaving one's congregation could certainly be a sorrowful experience but this does not result in extreme hardship.
 
 
 10
 We conclude Mr. Ohaya has failed in his burden to show his deportation would result in extreme hardship and hold the Board of Immigration Appeals did not abuse its discretion.
 
 
 11
 The decision appealed is AFFIRMED and the mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3